# COUNTY OF ANDROSCOGGIN.

TIMOTHY LUDDEN *& al. versus* DAVID KINCAID *& al.*

The purchaser of goods sold by an officer on execution, will acquire title thereto, notwithstanding the officer, in his proceedings, has not conformed strictly to the requirements of the statute.

TROVER, for a house built by one Higgins upon the land of another, with the consent of the owner.

This case is presented on REPORT of the evidence at *Nisi Prius*, MAY, J., presiding. The facts bearing upon the question decided by the case, sufficiently appear in the opinion of the Court.

*T. & M. T. Ludden*, for plaintiffs.

*Record & Walton*, for defendants.

The opinion of the Court was drawn up by

CUTTING, J. — Both parties claim title to the property in controversy, under one Charles Higgins — the plaintiffs by a bill of sale from Higgins to Elbridge G. Fuller, of August 31, 1855, and from Fuller to themselves of Dec. 27, of the same year; the defendants by virtue of an attachment on mesne process, and a subsequent sale on the execution in favor of Isaac G. Field and Marshall Ford against Higgins, made on July 19, 1854, when the judgment creditors became the purchasers, who, afterwards, it is said, conveyed to these defendants, which must be presumed, otherwise, the facts reported and the documents referred to, are wholly variant, for the case finds that the sale by the officer was to the defendants directly.

The sale on the execution being prior to that by Higgins, the defendants' title must prevail, unless the plaintiffs can suc-

cessfully impeach the return of the officer, which they attempt to do, for informalities in advertising and adjourning his sale from time to time.

In *Tuttle* v. *Gates*, 24 Maine, 395, which was likewise trover for a dwellinghouse, where the same questions arose, this Court decided that " the sale of goods, made by an officer on execution, must be regarded as a legal transfer of the property, although he may not have conformed to the requirements of the statute in making the sale." That case is decisive of the present, and, according to the agreement of the parties, the plaintiffs must become     *Nonsuit*.

TENNEY, C. J., RICE, APPLETON, MAY, and DAVIS, J. J., concurred.